IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VALENTIN ACOSTA RIVERA | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. JKS 14-2781 |
| | * | |
| PRAETORIAN INSURANCE COMPANY | * | |
| | * | |

**MEMORANDUM OPINION**

Presently pending is Plaintiff's Motion for Reconsideration. ECF No. 37. The motion has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, Plaintiff's motion will be denied.

1. **Background.**

Plaintiff, through counsel, agreed to participate in an Independent Medical Exam (IME) but failed to appear, without notice or excuse, on two separate occasions (January 30, 2015 and April 8, 2015). On April 30, 2015, Defendant moved to preclude Plaintiff from presenting evidence of his damages. ECF No. 31. The motion was based on the following undisputed facts. Defense counsel contacted Plaintiff's counsel immediately upon Plaintiff's first failure to appear and was told that Plaintiff was not there because of a work conflict. A second IME was scheduled for April 8, 2015, and Plaintiff's counsel agreed in writing that Plaintiff would appear for that examination. ECF No. 31-5. Nevertheless, Plaintiff again failed to appear. Defendant was billed by both the physician and the interpreter for Plaintiff's failure to appear. Plaintiff failed to file any response to Defendant's motion to preclude.

On May 29, 2015, the court noted this failure to respond and ordered Plaintiff to show cause within 14 days why Defendant's motion should not be granted. ECF No. 32. Plaintiff failed to respond to this order as well, and on June 22, 2015, the court granted Defendant's

motion, in part, precluding Plaintiff from introducing expert testimony to support his claim for personal injuries. This Order also directed Plaintiff to reimburse Defendant for IME cancellation fees. ECF No. 34. Almost two months later, on August 19, 2015, Plaintiff filed the pending motion requesting that the court reconsider its Order precluding Plaintiff from introducing evidence of damages.[1]

**2. Analysis.**

Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) and "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Resolution of such a motion is "committed to the discretion of the district court" and the goal "is to reach the correct judgment under law." *Id.* at 515. While the precise standard governing a motion for reconsideration of an interlocutory order is unclear, a court in this circuit may use the Rule 59(e) standard as guidance. *Butler v. Directsat USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015). Pursuant to Rule 59(e), a district court may alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law [or] prevent manifest injustice." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F. 2d 658 (4th Cir. 1992)).

Counsel for Plaintiff asserts that he did not know about the court's May 29, 2015 show cause order until August 19, 2015 because his office "was having serious problems with its computer systems" and his office "is not familiar with the CM/ECF paperless filing system."

---

[1] Plaintiff's motion inexplicably refers to the May 29, 2015 show cause order rather than the June 22, 2015 order precluding evidence.

ECF No. 37 at 1-2. Counsel argues that, given Plaintiff's serious injuries and the parties' stipulation to address only the issue of damages at trial, the court should view Plaintiff's failure to appear for the IME appointments as "a minor technical violation that can easily be remedied before trial." *Id.* Counsel contends that "there are alternative sanctions that are fairer and more just" than precluding his evidence of damages, but does not offer any suggestions. *Id.* at 3.

Defendant contends that computer problems in April and May and a general unfamiliarity with CM/ECF cannot justify counsel's inactivity for three months. Defendant points out that Plaintiff's counsel (1) never contacted defense counsel to explain the alleged computer problems; (2) never explained why Plaintiff twice missed the IME appointments (other than to assert that it "is completely the fault of Plaintiff's attorney"); and (3) has not complied with the court's June 22, 2015 Order directing Plaintiff's counsel to reimburse Defendant for the IME cancellation fees. ECF No. 38 at 2 n.2. Notably, nowhere in Plaintiff's motion for reconsideration does counsel claim that he did not know of the June 22, 2015 Order. As Plaintiff has not replied to Defendant's opposition, Defendant's assertions are unrebutted and thus are accepted.

Plaintiff's motion for reconsideration fails to show a manifest injustice or any of the other limited circumstances outlined in Rule 59(e), which is being used for guidance. Plaintiff has failed to comply with every order the court has issued, and the court can no longer provide him with leeway. Counsel knew, or should have known, that his client did not attend the IMEs, and thus his computer problems cannot excuse the failure to contact the court or opposing counsel. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408-09 (4th Cir. 2010) (affirming the district court's decision to deny a Rule 59(e) motion because "[Plaintiff's] counsel had good reason, after realizing he was experiencing computer problems, to check the court's docket after such date or contact the court and opposing counsel to notify them of his computer troubles"); *Grant v. Shapiro & Burson, LLP*, Case No. DKC 11-1724, 2012 U.S. Dist. LEXIS 73854, *4-5

(D. Md. May 29, 2012) ("The alleged computer problems and lack of paralegal support suffered by Plaintiff's counsel fail to excuse this untimely response."); *Shuey v. Schwab*, Case No. 8-1190, 2008 WL 5111911, at *1 (M. D. Pa. Dec. 2, 2008) (finding no manifest injustice stemming from dismissal of a complaint where the unavailability of a senior paralegal and a "technology glitch" had caused the plaintiffs' counsel to miss a court-imposed deadline). The contention that Plaintiff should not be prejudiced by his counsel's mistakes is equally unavailing. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 660 (E.D. Va. 1999) (noting *Link's* comment that the client's remedy is against the attorney in a suit for malpractice).

      Federal Rule of Civil Procedure 16(b) requires the court to set a discovery deadline and provides that the deadline may be modified only for good cause and with the court's consent. Discovery delays affect not only the parties; they also contribute to disrespect for the judicial process and clog the court's dockets. Adherence to discovery deadlines is critical to the court's management of its caseload and to restoring confidence and integrity in court proceedings. *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999); *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"); *see also Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95 (D.D.C. 2005). The primary factor in determining the existence of good cause for a discovery extension is the requesting party's diligence during the discovery period. In particular, where a party is aware that matters are pending before the discovery cutoff and neglects them, the party has failed to show good cause. *Id.* at 105-06; *see also Potomac Elec.*, 190 F.R.D. at 375 ("good cause"

means that the deadline could not be met despite diligent efforts).

Here, the discovery deadline passed approximately eight months ago. Plaintiff missed two IMEs, and through counsel, disregarded a defense motion, a show cause order, and a court order to reimburse Defendant for its costs. Other than the show cause order, he does not deny knowledge of these papers. In addition, Plaintiff's claim that Defendant will not be prejudiced because the IME could still be scheduled is meritless. Defendant has been prejudiced because it invested a large amount of time and money scheduling the IMEs, a process that began in December 2014. Defendant notes (1) the arrangements it made for an interpreter, (2) the time spent preparing its motion to preclude, (3) the time spent reevaluating the case in preparation for the settlement conference in light of the court's June 22 Order, (4) the time spent preparing the pretrial statement relying on the June 22 Order, and (5) the fact that discovery closed on February 2, 2015. ECF No. 38 at 4.

### 3. Conclusion.

The sanction imposed—the preclusion of expert testimony to support the personal injuries claim—is, under these circumstances, both reasonable and necessary to ensure the integrity of the court's orders and remedy the prejudice to Defendant. The motion for reconsideration will therefore be denied.

Date:  October 19, 2015                                                      /S/
                                                                     Jillyn K. Schulze
                                                              United States Magistrate Judge