IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VALENTIN ACOSTA RIVERA | * |
| | * |
| v. | *   Civil No.  JKS 14-2781 |
| | * |
| PRAETORIAN INSURANCE COMPANY | * |
| | * |

## MEMORANDUM OPINION

Presently pending is Defendant's Motion for Summary Judgment. ECF No. 41. The issues have been fully briefed and a hearing was held on January 20, 2016. For the reasons set forth below, Defendant's motion will be granted.

**1. Background.**

The following facts are viewed in the light most favorable to Plaintiff, Valentin Acosta Rivera, the nonmoving party. On May 10, 2011, Plaintiff was involved in a motor vehicle accident with a vehicle owned by Nichelle Nicole Ingram. ECF No. 2 at ¶ 3. Plaintiff claims injuries to his neck, back, left wrist and right knee. ECF No. 2 at ¶ 6. Ingram's automobile insurance company, USAA Insurance, accepted liability and paid Plaintiff the policy limit of $20,000. ECF No. 2 at ¶ 8. The vehicle operated by Plaintiff was owned by J.D. Towing and insured by Defendant, Praetorian Insurance Company. ECF No. 2 at ¶ 9. The relevant policy issued by Defendant included an uninsured/underinsured motorist provision, but Defendant has not provided Plaintiff with any relief under the policy.

On September 2, 2014, Plaintiff filed this claim, asserting that Defendant has a contractual obligation to pay Plaintiff the uninsured/underinsured policy limits of $800,000 to fully compensate him for his injuries. ECF No. 2 at ¶ 12. At his deposition on December 3, 2014, ECF No. 41-1, Plaintiff testified that the force of the accident caused his body to hit the steering wheel and caused a skin burn on his left wrist. He missed two days of work and sought

medical attention with a chiropractor, Dr. Kennedy, one week after the accident. He reported to Dr. Kennedy that he had pain in his head, neck, left shoulder, left arm and left hand. *Id.* at 7. Plaintiff also testified that he was involved in an automobile accident one year prior, on May 19, 2010, and suffered injuries to his head, neck, left hand, right knee and left arm. Plaintiff missed three to four weeks of work and received chiropractic treatment following the 2010 accident. Plaintiff also was involved in a car accident in 2003 and suffered a back injury for which he received treatment from a chiropractor.

On June 22, 2015, the court precluded Plaintiff from introducing expert testimony to support his claim for personal injuries. ECF Nos. 34, 40.

**2. Standard of Review.**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 343, 347 (1986). "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248). "Summary judgment is also appropriate when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F. Supp. 2d 606, 609 (D. Md. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49.

"When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 518 (D. Md. 2007) (citing Fed. R. Civ. P. 56(e)). "The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party." *Id.* at 518-19 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "The court, however, cannot rely upon unsupported speculation and it has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial." *Id.* at 519 (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**3. Discussion.**

Defendant argues that it is entitled to summary judgment because, without expert testimony, Plaintiff cannot establish the necessary causal connection between the 2011 car accident and his alleged personal injuries. ECF No. 41 at 6. Plaintiff contends that his lay testimony is sufficient to allow a jury to determine the extent of his injuries. ECF No. 42 at 4. Thus, the issue is whether Plaintiff's testimony is sufficient to prove that the 2011 accident proximately caused his injuries.

In *Shpigel v. White*, 357 Md. 117 (1999), the court upheld a grant of summary judgment to the defense on facts far more favorable to the plaintiffs than the facts here. There, Mark Shpigel and his two children were the victims of a rear-end collision caused by the defendant. An ambulance transported them to a nearby hospital immediately after the accident. Each plaintiff was discharged from the emergency room that morning and Shpigel received instructions that his pain would subside in three days. Nonetheless, following the initial

3

examination, Shpigel attended four follow-up visits with doctors and eight physical therapy sessions. At trial, the plaintiffs attempted to prove causation and damages through their testimony and medical records and bills. *Id.* at 120-21. The circuit court granted judgment to the defense, reasoning that live expert testimony was required to establish the reasonableness of the medical bills. *Id.* at 124-25.

On appeal, the court noted that Shpigel's initial consultation note advised that he "was involved in a motor vehicle accident one year ago in which he injured his neck but from which he recovered without sequelae." *Id.* at 130. Given the close temporal proximity of Shpigel's prior motor vehicle accident, the court considered whether expert testimony would be required to establish the causal relationship between the most recent accident and subsequent trauma. The court stated that a genuine jury issue could be created without expert testimony only when some combination of the following circumstances are present: 1) a very close temporal relationship between the injury and the onset of the trauma; 2) the manifestation of the trauma in precisely the same part of the body that received the impact of the initial injury; 3) the existence of some medical testimony; and 4) an obvious cause-and-effect relationship that is within the common knowledge of lay persons. *Id.* at 131. The court concluded that "the causal connection between the accident of May 21, 1996, and the damages claimed by Shpigel presents a somewhat complicated medical question on which expert testimony is required in order to support a finding that the accident of May 21, 1996, caused a total disability." *Id.* The court reasoned that there was "no 'obvious cause-and-effect relationship' between the accident and the claimed total disability 'that is within the common knowledge of laymen.'" *Id.* The appellate court affirmed the trial court's decision to exclude the physicians' medical records because the causal connection between Shpigel's symptoms and the prior accident could not be established without

expert testimony.

Here, as in *Shpigel*, Plaintiff was involved in a motor vehicle accident one year prior to the accident at issue, injuring the same parts of his body. ECF No. 42-1 at 4-7. The prior accident was apparently much more serious, because Plaintiff missed 3 to 4 weeks of work, while he missed only two days of work after the more recent accident. Moreover, unlike in *Shpigel*, Plaintiff did not seek treatment for his injuries until one week after the more recent accident.

As in *Shpigel*, the question of causation in this case is a complicated medical question that cannot be resolved without expert testimony. With regard to factor one, temporal proximity, Plaintiff did not seek treatment until one week after the accident; thus, a very close temporal relationship is not present. Although the trauma occurred in the same parts of the body as the impact, it also occurred in the same parts of the body as the 2010 accident, thus complicating the causation issue. As for factor three, no objective medical evidence is available; Plaintiff has only his lay, subjective testimony. Under these circumstances, no cause-and-effect relationship between the more recent accident and the alleged injuries is obvious.

At the summary judgment hearing, Plaintiff's counsel argued that causation is not a complicated medical question because there is no evidence that Plaintiff was symptomatic from, or receiving treatment as a result of, the 2010 accident, in the weeks and months leading up to the 2011 accident. However, this was also true in *Shpigel*, where the plaintiff recovered from his prior neck injury, but the court still concluded that causation was a complicated medical question. In addition, at the hearing, defense counsel proffered that Plaintiff saw a doctor for neck pain just three months before the relevant accident.[1] This scenario presents a complicated

---

[1] While this fact does not appear in the motions papers, Plaintiff's counsel did not dispute it.

medical question that cannot be resolved without expert testimony.[2]

Plaintiff's counsel argued that *Shpigel* is distinguishable because it involved a claim for total disability. However, the *Shpigel* court's analysis was not dependent upon that fact and it is not a meaningful distinction. The point, rather, is that the cause-and-effect relationship between accident and injury is complicated by the existence of a recent prior similar injury. This is especially true when Plaintiff has no objective evidence to support his subjective claims of injury. *See Wilhelm v. State Traffic Safety Com.*, 230 Md. 91, 100 (1962) ("[W]here the cause of an injury claimed to have resulted from a negligent act is a complicated medical question involving fact finding which properly falls within the province of medical experts (*especially when the symptoms of the injury are purely subjective in nature*, or where disability does not develop until some time after the negligent act), proof of the cause must be made by such witnesses.") (emphasis added); *Galloway v. Horne Concrete Constr.*, 524 Fed. Appx. 865, 872 (4th Cir. 2013) (holding that expert testimony was not required because the plaintiff promptly sought medical treatment, his "herniated disc was *objectively observable*, was diagnosed by way of an MRI, and resulted in a spinal fusion") (emphasis added).

*Galloway* is illuminating because of its distinguishing facts. Emphasizing that Galloway had never suffered from or complained of back pain previously, developed lower back pain immediately after the accident, and promptly reported his injuries to his treating physicians, who diagnosed a herniated disc, the Court reasoned that Galloway's back injuries developed coincidentally with and immediately after the accident and that causation was clearly apparent from the nature and circumstances of his injuries. *Id.* at 871-72. This evidence was enough to enable a reasonable jury to conclude that the accident caused Galloway's injuries.

---

[2] Allowing Plaintiff to proceed with only his own lay testimony would work a particular injustice under the unique circumstances of this case. Plaintiff's own misconduct in failing to appear for his IME prevented Defendant from obtaining any evidence with which to rebut Plaintiff's testimony. *See* ECF Nos. 34, 39.

Here, in contrast, Plaintiff had a prior similar injury, did not seek treatment immediately after the accident, and has no objective evidence.  Thus, causation is not clearly apparent; there is no obvious cause-and-effect relationship within the common knowledge of lay persons, and Plaintiff cannot receive a judgment without expert medical testimony.

**4. Conclusion.**

The Court will grant Defendant's motion for summary judgment.


Date: February 2, 2016                                         /S/
                                                        Jillyn K. Schulze
                                                   United States Magistrate Judge